# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOMO K. HILL, <br><br> Defendant. | Case No. 18-CR-101-JPS <br><br> **ORDER** |

On June 26, 2018, Defendant agreed to plead guilty to robbing a cell phone store, in violation of 18 U.S.C. § 1951(a), and brandishing a firearm during that crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Docket #31). Magistrate Judge David E. Jones conducted a plea colloquy with Defendant on July 10, 2018. (Docket #35). On July 13, 2018, Judge Jones recommended to this Court that it accept Defendant's proposed plea of guilty to the two charges. (Docket #36). In accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and General Local Rule 72(c), the parties are entitled to a fourteen-day period in which they may to object to Judge Jones' recommendation. In the absence of a notice from both parties that they will not object, this Court is obligated to wait until that period expires before addressing the recommendation. Thus, without confirmation from the parties that no objections are forthcoming, the earliest this Court can address the recommendation is July 30, 2018.

Prior to the change of plea hearing, Defendant requested that he be released on bond pending sentencing. (Docket #34). Judge Jones addressed the motion during the change of plea hearing and, over the government's

objection, granted it. Defendant was ordered to be released on bond on July 30, 2018, to return to federal custody on August 20, 2018. (Docket #35).

On July 25, 2018, the government filed a motion pursuant to 18 U.S.C. 3145(a) asking that this Court revoke Judge Jones' release order. (Docket #37). The government noted that Judge Jones' decision was based, at least in part, on a determination that until this Court accepted Defendant's guilty plea, he was not technically guilty. Without a final determination of guilt, Judge Jones retained discretion to order Defendant's release on bond. *See* 18 U.S.C. §§ 3142, 3143(a)(2). The government requested that this Court revoke Judge Jones' release order entirely, or at least stay the order until it could address the pending recommendation.

The Court finds that a brief stay is the most prudent course. Once this Court has addressed Judge Jones' recommendation, and thus Defendant's guilt, the parties and Judge Jones will be fully equipped to assess whether detention or release is appropriate. The Court suggests that if the parties do not intend to object to the recommendation, they file a notice to that effect immediately (something they are free to do anytime a magistrate judge issues a recommendation). This Court will then be able to rule on the recommendation sooner than July 30.

Accordingly,

**IT IS ORDERED** that the government's motion to vacate or stay Magistrate Judge David E. Jones' July 10, 2018 order releasing Defendant on bond with conditions (Docket #37) be and the same is hereby **GRANTED in part**; the July 10, 2018 order (Docket #35) be and the same is hereby **STAYED** until this Court addresses the recommendation regarding Defendant's guilty plea (Docket #36).

Dated at Milwaukee, Wisconsin, this 26th day of July, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge